UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRECIOUS STOVALL, Administrator of the Estate of SINCERE ASH, Decedent, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:19 CV 5196 |
| | ) Honorable Sharon Johnson Coleman |
| CITY OF CHICAGO, POLICE SERGEANT MATTHEW KASPUT & POLICE OFFICER CHRISTOPHER RUBI. | )<br>)<br>)<br>) |
| Defendants. | ) |

SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, Precious Stovall, Administrator of the Estate of Sincere Ash, Decedent, by and through her attorney, David S. Lipschultz, and complaining of the Defendants, City of Chicago; Chicago Police Sergeant Matthew J. Kasput (Star No. 1539); and Chicago Police Officer Christopher M. Rubi (Star No. 15920), states as follows:

JURISDICTION AND VENUE

1. This action is filed pursuant to federal and state law.

2. Pursuant to the United States Constitution, 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), Plaintiff seeks to redress deprivations of the civil rights of the Plaintiff's Decedent, accomplished by acts and/or omissions of the Defendants and committed under color of law

3. Pursuant to the laws of the State of Illinois, Plaintiff seeks damages for wrongful death and related claims.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts

1

complained of took place in this judicial district.

PARTIES AND LETTERS OF ADMINISTRATION

6. The Plaintiff, Precious Stovall (hereinafter "Ms. Stovall"), is a resident of Chicago, Illinois.

7. Ms. Stovall is the mother of Sincere Ash, Decedent.

8. Mr. Sincere Ash (hereinafter "Mr. Ash"), Decedent, was a resident of Chicago, Illinois.

9. Ms. Stovall is the Administrator of the Estate of Sincere Ash pursuant to letters of administration issued in Case Number 2019 P 5304, a probate matter pending in the Circuit Court of Cook County, Illinois.

10. Ms. Stovall was appointed Administrator for the purpose of prosecuting any and all causes of action accruing as a result of the incident during which Mr. Ash died.

11. Defendant Chicago Police Sergeant Matthew J. Kasput (Star No. 1539) (hereinafter "Sergeant Kasput"), is an employee of the Defendant City of Chicago, serving as a police officer. At all times relevant to this Complaint at Law ("Complaint"), Sergeant Kasput was acting within the scope of his employment with the City of Chicago and under the color of law.

12. Defendant Chicago Police Officer Christopher M. Rubi (Star No. 15920) (hereinafter "Officer Rubi"), is an employee of the Defendant City of Chicago, serving as a police officer. At all times relevant to this Complaint, Officer Rubi was acting within the scope of his employment with the City of Chicago and under the color of law.

13. Defendant City of Chicago is a municipal corporation in County of Cook, State of Illinois. At all times relevant to this Complaint, Defendant City of Chicago was the employer of

Defendant Sergeant Kasput and Officer Rubi (hereinafter "Defendant Officers").

## FACTUAL ALLEGATIONS

14. On August 5, 2018, Mr. Ash was 17 years old and a student at Lane Technical High School in Chicago, Illinois.

15. On this date, at approximately 4:00 p.m., Mr. Ash, was located at the annual Lollapalooza concert at Grant Park, near downtown Chicago, Illinois.

16. Mr. Ash was intoxicated as he had been drinking alcoholic beverages with friends.

17. In response to an allegation that Mr. Ash may have committed a misdemeanor, Sergeant Kasput and Officer Rubi took Mr. Ash away from his friends and into police custody.

18. Sergeant Kasput and Officer Rubi transported Mr. Ash from Grant Park to the CTA Roosevelt train station at Roosevelt Road and State Street, Chicago (hereinafter "Roosevelt Station").

19. During their transport of Mr. Ash to Roosevelt Station, it was clear to Sergeant Kasput and Officer Rubi that Mr. Ash was a minor.

20. During their transport of Mr. Ash to Roosevelt Station, it was clear to Sergeant Kasput and Officer Rubi that Mr. Ash was highly intoxicated and in need of medical attention.

21. During their transport of Mr. Ash to Roosevelt Station, it was clear to Sergeant Kasput and Officer Rubi that Mr. Ash was not able to travel alone given his poor medical state.

22. Nonetheless, Sergeant Kasput and Officer Rubi released Mr. Ash at Roosevelt Station, leaving Mr. Ash in an extremely vulnerable state.

23. Sergeant Kasput and Officer Rubi made certain Mr. Ash went into Roosevelt Station before they departed.

24. Later that day, Mr. Ash arrived at the Clybourn Metra train station at 2001 N. Ashland, Chicago, near Clybourn and Armitage.

25. At the Clybourn station Mr. Ash, intoxicated, wandered onto train tracks and was struck and killed by a train.

COUNT I
Section 1983: Denial Of Due Process
Against Sergeant Kasput and Officer Rubi

26. Plaintiff realleges paragraphs 1 through 25 as if fully pleaded herein.

27. Mr. Ash was lawfully entitled to due process under the law during his encounter with the Defendant Officers.

28. Such due process was critical given Mr. Ash's status as a minor child in the custody of a law enforcement agency and given Mr. Ash's intoxication while custody.

29. It is clearly established that state actors who, without justification, increase a person's risk of harm violate the due process clause of the U.S. Constitution.

30. State actors who needlessly create risks of harm violates the due process clause by depriving persons of life, liberty or property without process.

31. No government or judicial official offered Mr. Ash, or his legal guardian, notice or a hearing on whether he should be released alone at Roosevelt Station while he was an extremely intoxicated teenager unable to take care of himself.

32. The Defendant Officers released Mr. Ash into danger.

33. Due process under the law prohibited Defendant Officers from removing Mr. Ash from the safety of being with his friends, as well as from the general supervision of the Grant Park and Lollapalooza personnel, and then releasing him into the dangerous (for an intoxicated teenager) setting of the Roosevelt Station.

34. The actions of the Defendant Officers violated the Mr. Ash's Due Process Clause rights, and violated his rights protected by 42 U.S.C. §1983.

35. As a direct and proximate consequence of said conduct of Defendant Officers, Mr. Ash suffered violations of his constitutional rights, loss of life, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Precious Stovall, Administrator of the Estate of Sincere Ash, Decedent, prays for judgment against the Defendants, Chicago Police Sergeant Matthew J. Kasput (Star No. 1539), and Chicago Police Officer Christopher M. Rubi (Star No. 15920), for compensatory damages, punitive damages, the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT II
### Section 1983: Failure To Provide Medical Care
### Against Sergeant Kasput and Officer Rubi

36. Plaintiff realleges paragraphs 1 through 25 as if fully pleaded herein.

37. Defendant Officers knew that Mr. Ash was intoxicated and a minor child.

38. Defendant Officers knew that Mr. Ash required immediate medical services for his well-being, yet they denied those services.

39. Defendant Officers acted with deliberate indifference by failing to properly arrange medical care for Mr. Ash.

40. By failing to properly arrange medical care for Mr. Ash, the Defendant Officers acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Ash's clearly established constitutional rights.

41. As a direct and proximate consequence of said conduct of Defendant Officers, Mr. Ash suffered violations of his constitutional rights, loss of life, loss of liberty, monetary

expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Precious Stovall, Administrator of the Estate of Sincere Ash, Decedent, prays for judgment against the Defendants, Chicago Police Sergeant Matthew J. Kasput (Star No. 1539), and Chicago Police Officer Christopher M. Rubi (Star No. 15920), for compensatory damages, punitive damages, the costs of the action and attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

COUNT III
Section 1983: Equal Protection Class-of-One
Against Sergeant Kasput and Officer Rubi

42. Plaintiff realleges paragraphs 1 through 25 as if fully pleaded herein.

43. In their acts and omissions, Sergeant Kasput and Officer Rubi subjected Mr. Ash to irrational and wholly arbitrary treatment.

44. The Defendant Officers subjected Mr. Ash to differing and unique treatment compared to others similarly situated.

45. Accordingly, Defendant Officers violated Mr. Ash's rights pursuant to the equal protection clause of the Fourteenth Amendment of the U.S. Constitution and the class-of-one theory.

46. As a direct and proximate consequence of said conduct of Sergeant Kasput and Officer Rubi, Mr. Ash suffered violations of his constitutional rights, loss of life, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Precious Stovall, Administrator of the Estate of Sincere Ash, Decedent, prays for judgment against the Defendants, Chicago Police Sergeant Matthew J. Kasput (Star No. 1539), and Chicago Police Officer Christopher M. Rubi (Star No. 15920), for compensatory damages, punitive damages, the costs of the action and attorney's fees pursuant to

42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

## COUNT IV
## Indemnification/State Law Claim
## Against Defendant City of Chicago

47. Plaintiff realleges paragraphs 1 through 46 as if fully pleaded herein.

48. Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

49. At all times relevant to this incident, Defendants, Sergeant Kasput and Officer Rubi, were employees of the City of Chicago, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Chicago Police Sergeant Matthew J. Kasput (Star No. 1539), and Chicago Police Officer Christopher M. Rubi (Star No. 15920), be found liable for the acts alleged above, Defendant City of Chicago would be liable to pay the Plaintiff any judgment and damages obtained against the Defendant Officers.

## COUNT V
## Wrongful Death/State Law Claim
## Against City Of Chicago

50. Plaintiff realleges paragraphs 1 through 25 as if fully pleaded herein.

51. This claim is asserted pursuant to the Illinois Wrongful Death Act, 740 ILCS 180.

52. The wrongful death action arises due to the willful and wanton misconduct of the Defendant City of Chicago, and its agents and employees.

53. Defendant City of Chicago, and its agents and employees, had various duties in their interaction with the Decedent, including but not limited to:

7

    a. Defendant City of Chicago, and its agents and employees, a duty to exercise care in their interaction with Mr. Ash;

    b. Defendant City of Chicago, and its agents and employees, had a duty to refrain from willful and wanton conduct in their interaction with Mr. Ash;

    c. Defendant City of Chicago, and its agents and employees, had a duty to protect the minor child, Sincere Ash, in a manner that was not reckless, and in a manner that would not consciously disregard the probability of injury to Mr. Ash; and

    d. Defendant City of Chicago, and its agents and employees, had a duty to protect the minor child, Mr. Ash, in a manner that was not extreme and outrageous.

54. City of Chicago, and its agents and employees, violated that duty by acting in reckless disregard for the safety of Mr. Ash by abandoning him — a teenager, intoxicated and alone, away from his friends — at the Roosevelt Station.

55. Defendant City of Chicago, and its agents and employees, engaged in a course of action which showed an utter indifference to or conscious disregard for the safety and welfare of Mr. Ash.

56. Defendant City of Chicago, and its agents and employees, ignored known or plainly observable dangerous conditions of a busy Roosevelt Station and the risk it posed to a teenage, intoxicated Mr. Ash.

57. Defendant City of Chicago, and its agents and employees, in addition to ignoring said dangerous conditions, abandoned Mr. Ash at Roosevelt Station in an intoxicated state at said dangerous location.

58. It was clear these acts of abandonment would naturally and probably result in injury to Mr. Ash.

59. Defendant City of Chicago, and its agents and employees, recklessly or consciously disregarded the probability of causing severe physical injury and emotional distress

to Mr. Ash.

60. Plaintiff claims that the conduct of City of Chicago, and its agents and employees, constituted reckless disregard as there was a failure to discover the danger through recklessness or carelessness as it could have been discovered by the exercise of ordinary care.

61. Plaintiff claims City of Chicago, and its agents and employees, created the combination of dangers that led to the death of Mr. Ash.

62. As a proximate result of one or more of the aforesaid intentional and/or willful and wanton acts, Mr. Ash sustained injuries which resulted in his death.

63. As a proximate result of one or more of the aforesaid intentional and/or willful and wanton acts, the Decedent's next of kin have suffered and in the future will suffer damages as a proximate result of the Defendants' intentional and/or willful and wanton conduct.

64. The conduct of City of Chicago, and its agents and employees, proximately caused Mr. Ash's death and caused his heirs to lose his companionship, society, love, affection, and to suffer a pecuniary loss.

WHEREFORE, the Plaintiff, Precious Stovall, Administrator of the Estate of Sincere Ash, Decedent, prays that judgment be entered against Chicago Police Sergeant Matthew J. Kasput (Star No. 1539), Chicago Police Officer Christopher M. Rubi (Star No. 15920), and City of Chicago in an amount necessary to fully and fairly compensate the next of kin of Sincere Ash for their losses under the terms of the Wrongful Death Act, in excess of the minimum jurisdiction amount of this Court, plus costs.

<u>COUNT VI</u>
<u>Survival Act: Willful Wanton, Neglect/Endangerment and</u>
<u>Intentional Infliction of Emotional Distress</u>
<u>Against City Of Chicago</u>

65. Plaintiff realleges paragraphs 1 through 25 and 50 through 64, as if fully pleaded

herein.

66. Plaintiff Precious Stovall brings this claim as Administrator of the Estate of Sincere Ash, pursuant to the Illinois Survival Act, 755 ILCS 5/27-6 ("Survival Act")

67. As a proximate result of one or more of the aforesaid intentional and/or willful and wanton acts and/or omissions, negligent endangerment, and intentional infliction of emotional distress, the Decedent, Sincere Ash, prior to his death, suffered serious physical and emotional injuries and pain and suffering of a personal and pecuniary nature.

68. Pursuant to the provisions of the Survival Act, Defendant City of Chicago is subject to liability for Mr. Ash's injuries and damages.

69. Had Mr. Ash survived, he would have been entitled to bring this action for damages. This action survives him.

WHEREFORE, Plaintiff prays for a judgment against the City of Chicago with damages awarded in an amount in excess of the minimum jurisdiction amount of this Court, plus costs.

### COUNT VII
### Illinois Family Expense Act
### Against City Of Chicago

70. Plaintiff realleges paragraphs 1 through 25 and 50 through 64, as if fully pleaded herein.

71. As a direct and proximate result of the aforementioned acts of the City of Chicago, and its agents and employees, the Estate of Sincere Ash sustained losses for funeral and burial expenses and seeks compensation pursuant to the Illinois Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff prays for a judgment against the City of Chicago in an amount necessary to fully and fairly compensate the Estate for all losses compensable under the terms of

the Illinois Family Expense Act, plus costs.

## COUNT VIII
### *Respondeat Superior*
### Against City Of Chicago

72. Plaintiff realleges paragraphs 1 through 25 and 49 through 63, as if fully pleaded herein.

73. The state law violations cited herein were committed by Sergeant Kasput and Officer Rubi in the scope of their employment as police officers of the City of Chicago.

74. As a result of the unlawful actions of Sergeant Kasput and Officer Rubi, the Plaintiff was injured

75. The Defendant City of Chicago, as principal, is liable for the actions of its agents, Sergeant Kasput and Officer Rubi, pursuant to the doctrine of *respondeat superior*, for the claims set forth in this action.

WHEREFORE, should Chicago Police Sergeant Matthew J. Kasput (Star No. 1539) and Chicago Police Officer Christopher M. Rubi (Star No. 15920) be found liable for the acts alleged above, Defendant City of Chicago would be liable to pay the Plaintiff any judgment and damages obtained against the Defendant Officers.

### JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

PRECIOUS STOVALL,
ADMINISTRATOR
ESTATE OF SINCERE ASH

*/s/* David S. Lipschultz
David S. Lipschultz

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to all parties and counsel of record.

                                              /s/ David S. Lipschultz
                                              David S. Lipschultz

David S. Lipschultz
Atty No. 6277910
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com